# IN THE UNITED STATE COURT OF APPEALS FOR THE THIRD CIRCUIT

## No. 22-1680

SCOTT STOUFFER

Appellant

v.

UNION RAILROAD CO., et al

Appellees

*APPEAL FROM THE JUDGMENT IMPOSED ON MARCH 14, 2022, AT CIVIL ACTION NO. 2:20-CV-00133-RJC BY THE HONORABLE JUDGE COLVILLE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA*

## SUPPLEMENTAL BRIEF FOR APPELLANT

Sammy Y. Sugiura (Pa. I.D. No. 209942)
J.P. Ward & Associates, LLC.
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Appellants.

# TABLE OF CONTENTS

Page

**TABLE OF CITATIONS** ................................................................................. i

**STATEMENT OF ISSUES REQUESTED FOR REVIEW** ...........................1

**ARGUMENT** .................................................................................................2

**CERTIFICATION OF COMPLIANCE**.......................................................7

**CERTIFICATION OF VIRUS CHECK** ......................................................8

**CERTIFICATE OF SERVICE** .....................................................................9

# **TABLE OF CITATIONS**

**Cases**                                                                                                           **Pages**

*Alston v. Parker*,
    363 F.3d 229, 236 (3d Cir. 2004)..................................................................6

*Brisentine v. Stone & Webster Engineering Corp.*,
    117 F.3d 519, 526–27 (11th Cir. 1997) .........................................................5

*Consolidated Rail Corp. v. Railway Labor Executives' Ass'n*,
    491 U.S. 299, 302 (1989)..........................................................................2, 3

*Eldeeb v. Potter,*
    675 F. Supp. 2d 521, 524 (E.D. Pa. 2009). ...................................................6

*Elgin, J. & E.R. Co. v. Burley,*
    325 U.S. 711, 723 (1945)...............................................................................2

*Harrison v. Eddy Potash, Inc.*,
    112 F.3d 1437, 1453–54 (10th Cir. 1997) .....................................................5

*Hawaii Airlines, Inc. v. Norris*,
    512 U.S. 246, 252 (1994)......................................................................2, 3, 4

*Hukman v. American Airlines, Inc.*,
    796 Fed. Appx. 135, n. 4 (3d Cir. 2019).........................................................5

*Intl. Ass'n of Machinists and Aerospace Workers Dist. Local Lodge 1776 v. Jackson*,
    2010 WL 597247, *3 (E.D. Pa. 2010) ...........................................................4

*Markovich v. Union Railroad Company, LLC,*
    2022 WL 2980548, *1 (W.D. Pa. 2022).........................................................5

*Penny v. United Parcel Service*,
    128 F.3d 408, 413–14 (6th Cir. 1997) ...........................................................5

*Pittsburgh & Lake Erie R. Co. v. Railway Labor Executives Assn.*,
    491 U.S. 490, 501, n. 4 (1989).......................................................................3

*Pryner v. Tractor Supply Corp.*,
    109 F.3d 354, 363–64 (7th Cir. 1997) ...........................................................5

*Robinson v. Nat'l R.R. Passenger Corp.*,
    2020 WL 4809640, *3 (E.D. Pa. 2020) .....................................................4, 5

*Slocum v. Delaware, L. & W.R. Co.*,
    339 U.S. 239, 243 (1950)...............................................................................3

*Brotherhood of R.R. Trainmen v. Chicago R. & I.R. Co.*,
    353 U.S. 30, 33 (1957)...............................................................................2, 3

*Varner v. National Super Markets, Inc.*,
    94 F.3d 1209, 1213 (8th Cir.1996) ................................................................5

*Whitmore v. National Railroad Passenger Corporation*,
    510 F. Supp. 3d 295, 303 (E.D. Pa. 2020) .....................................................5

**<u>Statutes</u>**

45 U.S.C. § 151a ................................................................................................1, 2

## **STATEMENT OF ISSUES REQUESTED FOR REVIEW**

Whether federal court jurisdiction over Appellants' claims against Union Railroad Company, LLC, Transtar, LLC, and United States Steel Corporation under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, as a collective action pursuant to 29 U.S.C. § 626(b), on behalf of himself and others similarly situated, are precluded by the Railway Labor Act, 45 U.S.C. § 151, *et seq.*

## ARGUMENT

The heart of Appellants' claims concerns the application of a demerit policy that was drafted, unilaterally implemented, and weaponized by Appellees. *See* 165-171 of Appellees' Supplemental Appendix (Doc. No. 39 hereinafter "Supp. App."). This demerit policy is never mentioned or even tangentially referenced in the applicable Collective Bargaining Agreement ("CBA"). Supp. App. 7-164. Moreover, the demerit policy at issue specifically states that it "shall not serve to amend, replace or modify the terms of any existing Collective Bargaining Agreement and employees shall retain all rights currently afforded them under such agreements." Supp. App. 166. As such, and as explained in further detail below, Appellants' claims before this Court are not precluded by the Railway Labor Act (45 U.S.C. § 151, *et seq.* – "RLA").

The RLA establishes a mandatory arbitral mechanism for "the prompt and orderly settlement" of two classes of disputes. *Hawaii Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994) *citing* 45 U.S.C. § 151a. The first class of disputes are considered major disputes and concern "rates of pay, rules or working conditions" which relate to "'the formation of collective [bargaining] agreements or efforts to secure them.'" *Hawaii Airlines*, 512 U.S. at 252 *citing Consolidated Rail Corp. v. Railway Labor Executives' Ass'n*, 491 U.S. 299, 302 (1989) (*quoting Elgin, J. & E.R. Co. v. Burley*, 325 U.S. 711, 723 (1945)). The second class of disputes are considered minor disputes "growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." *Hawaii Airlines*, 512 U.S. at 253 (*quoting* 45 U.S.C. § 151a). Minor disputes involve "controversies over the meaning of an existing collective bargaining agreement in a particular fact situation." *Id.* (*quoting Trainmen v. Chicago R. & I.R. Co.*, 353 U.S. 30, 33 (1957)). In short, "major disputes seek to create

contractual rights, minor disputes to enforce them." *Id.* (*quoting Conrail*, 491 U.S. at 302). Neither class of dispute is applicable here.

The only preclusion issue before this Court is whether Appellants' claims (*i.e.,* did the application of a facially neutral demerit policy disparately impact employees of Appellees who were 40 years of age and older) constitute a minor dispute under the RLA. *See* App. 78-82 (District Court's decision to deny Appellees' motion to dismiss based on their attempted classification of Appellants' claims as a minor dispute under the RLA).  The U.S. Supreme Court has specifically defined minor disputes as those involving the interpretation or application of existing labor agreements. *Hawaii Airlines*, 512 U.S. at 256 (*citing Conrail*, 491 U.S. at 305 ("The distinguishing feature of [a minor dispute] is that the dispute may be conclusively resolved by interpreting the existing [CBA]"); *Pittsburgh & Lake Erie R. Co. v. Railway Labor Executives Assn.*, 491 U.S. 490, 501, n. 4 (1989) ("Minor disputes are those involving the interpretation or application of existing contracts"); *Trainmen*, 353 U.S. at 33  (minor disputes are "controversies over the meaning of an existing collective bargaining agreement"); *Slocum v. Delaware, L. & W.R. Co.*, 339 U.S. 239, 243 (1950) (RLA arbitral mechanism is meant to provide remedies for "adjustment of railroad-employee disputes growing out of the interpretation of existing agreements")).  Even if a specific legal claim involves the interpretation or application of an existing labor agreement, the U.S. Supreme Court has previously held "that the RLA's mechanism for resolving minor disputes does not pre-empt causes of action to enforce rights that are independent of the CBA." *Hawaii Airlines*, 512 U.S. at 256 (citations omitted).

Appellants were party to a CBA. Supp. App. 7-164.  The applicable CBA, however, does not contain, reference, or even hint at the existence of a demerit policy. *Id.*  In fact, the term "demerit" is not used anywhere in the CBA. *Id.*  Instead, we must look to a separate policy

document called the Union Railroad Company Demerit Policy ("Demerit Policy") to find the demerit system that was referenced in the Second Amended Complaint. App. 50-55; Supp. App. 165-171. This Demerit Policy is an internal company policy created by one of the Appellees. Supp. App. 165-171. The Demerit Policy does not state, nor have the Appellees ever claimed, it was created as the result of any bargained for process under the CBA. *Id.* In fact, the Demerit Policy expressly <u>disassociates</u> itself from the CBA by stating "[t]his Policy does not serve to amend, replace or modify the terms of any existing Collective Bargaining Agreement…" and provides "the Carrier [Appellant Union Railroad] retains the right to amend or eliminate the [Demerit] Policy at any time." *Id.* As a result, the claims asserted by Appellants are not precluded by the RLA because they are not "inextricably intertwined" or "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *International Ass'n of Machinists and Aerospace Workers Dist. Local Lodge 1776 v. Jackson*, 2010 WL 597247, *3 (E.D. Pa. 2010).

Even if the Demerit Policy were a CBA-like type of agreement, Appellants' claims would still not be precluded by the RLA because they involve rights and obligations that exist independent of the CBA. *See Robinson v. Nat'l R.R. Passenger Corp.*, 2020 WL 4809640, *3 (E.D. Pa. 2020) (*quoting Hawaiian Airlines*, 512 U.S. at 260-61). Here, the source of Appellants' claims is independent from the CBA, and even the Demerit Policy, as it stems from the Age Discrimination in Employment Act ("ADEA") and the public policy against discrimination in employment. App. 37-60. Neither the CBA nor the Demerit Policy have any mechanism which would permit Appellants to address or even report their age discrimination claims within the companies. Supp. App. 7-164, 165-171. So, requiring Appellants to now arbitrate their claims through the RLA would be imposing a faux remedy that none of the parties

had contemplated when bargaining for the CBA. *Id.* Accordingly, if this Court were to rule that Appellants' claims were precluded by the RLA, it would permit other employers to implement similar, punishment-based policies like the Demerit Policy, abuse those policies, and evade any responsibility under statutes like the ADEA by arguing preclusion (while completely avoiding the collective bargaining process). Thus far, when other courts in the Third Circuit have examined similar disputes, those courts have ruled against preclusion. *See e.g.*, *Robinson*, 2020 WL 4809640 at *3; *Whitmore v. National Railroad Passenger Corporation*, 510 F. Supp. 3d 295, 303 (E.D. Pa. 2020); *Markovich v. Union Railroad Company, LLC*, 2022 WL 2980548, *1 (W.D. Pa. 2022); *Hukman v. American Airlines, Inc.*, 796 Fed. Appx. 135, n. 4 (3d Cir. 2019). Looking broadly, an overwhelming majority of the courts of appeal have determined employees covered by CBAs containing mandatory arbitration clauses retain the right to pursue statutory employment discrimination claims in federal court regardless of whether the employee has exhausted his or her contractual remedy. *See e.g.*, *Penny v. United Parcel Service*, 128 F.3d 408, 413–14 (6th Cir. 1997); *Brisentine v. Stone & Webster Engineering Corp.*, 117 F.3d 519, 526–27 (11th Cir. 1997); *Harrison v. Eddy Potash, Inc.*, 112 F.3d 1437, 1453–54 (10th Cir. 1997) (cert. denied, 524 U.S. 947 (1998)); *Pryner v. Tractor Supply Corp.*, 109 F.3d 354, 363–64 (7th Cir. 1997) (cert. denied, 522 U.S. 912 (1997)); *Varner v. National Super Markets, Inc.*, 94 F.3d 1209, 1213 (8th Cir.1996) (cert. denied, 519 U.S. 1110 (1997)). Accordingly, Appellants urge this Court to deny the preclusion of Appellants' claims by way of the RLA.

## **CONCLUSION**

For the foregoing reasons and the reasons articulated in Appellants' initial brief, this Court should deny the preclusion of Appellants' claims by way of the RLA, reverse the District Court's Final Order and Judgment, remand this case, and permit Appellants the opportunity to conduct discovery on their ADEA disparate impact claim. In the alternative, Appellants should be given the opportunity to amend their complaint one last time given that the District Court initially determined that Appellants had set forth a viable ADEA disparate impact claim. App. 84; *see Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004) ("Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."); *Eldeeb v. Potter*, 675 F. Supp. 2d 521, 524 (E.D. Pa. 2009) (recognizing Third Circuit standard permitting plaintiff right to amend, especially when dealing with civil rights-related claims).

Date: December 16, 2022

Respectfully submitted,

/s/ Sammy Y. Sugiura
Sammy Y. Sugiura
PA I.D. No. 209942
sammys@jpward.com
J.P. WARD & ASSOCIATES, LLC
201 SOUTH HIGHLAND AVE
SUITE 201
PITTSBURGH, PA 15206
TELEPHONE: (412) 545-3016
FACSIMILE: (412) 540-3399

**COUNSEL FOR APPELLANTS**

## CERTIFICATION OF IDENTICAL COMPLIANCE
## OF ELECTRONIC BRIEF AND HARD COPY OF BRIEF

    I, Sammy Y. Sugiura, Esquire, hereby certify that the electronic brief and hard copy of the Supplemental Brief that is being submitted to the Court and all parties on this date are identical.

                                       **J.P. WARD & ASSOCIATES, LLC.**

                                       */s/ Sammy Y. Sugiura*_____
                                       Sammy Y. Sugiura
                                       Counsel for Appellants

DATE: December 16, 2022

## **CERTIFICATION THAT VIRUS CHECK HAS BEEN PERFORMED**

I, Sammy Y. Sugiura, Esquire, hereby certify that a virus check has been performed on Appellant's Supplemental Brief and Appendix and any other attachments using the McAfee anti-virus program.

**J.P. WARD & ASSOCIATES, LLC.**

*/s/ Sammy Y. Sugiura*
Sammy Y. Sugiura
Counsel for Appellants

DATE: December 16, 2022

## CERTIFICATE OF SERVICE

I, Sammy Y. Sugiura, hereby certify that on December 16, 2012, I electronically filed the foregoing supplemental brief for Appellants with the Clerk of the Court of the United States Court of Appeals for the Third Circuit by using the CM/ECF System. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

**J.P. WARD & ASSOCIATES, LLC.**

*/s/ Sammy Y. Sugiura* _____
Sammy Y. Sugiura
Counsel for Appellants

DATE: December 16, 2022